UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYRAN HAWTHORNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-cv-651-RLM-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Kyran Hawthorne, a prisoner representing himself, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-07-364) in which a Disciplinary Hearing Officer found him guilty of assault in violation of Indiana Department of Correction policy B-212. Mr. Hawthorne was sanctioned with the loss of 30 days earned credit time. Mr. Hawthorne identifies two grounds in his petition, but each ground challenges the sufficiency of the evidence used to find him guilty.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

1

decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786.

Mr. Hawthorne was charged with violating IDOC B-212, which is defined as, "[c]omitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The conduct report charged Mr. Hawthorne as follows:

> On 7-25-16 at approx 12:32 pm I Ofc. J. Cowe was [unreadable] Offender Freeman, DCH 507 West from the counsel's office. Offender Hawthorn, DW-506 DOC 179916 had demanded to see the counselor and I responded that she is busy and had been told by her and me that the issue is being taken care of by her. As I was leaving the 500 west range, Offender Hawthorne #179916 threw a tray on the ground at me which hit my [unreadable].

ECF 7-1 at 1. The hearing officer reviewed the conduct report and video surveillance footage of the incident. The hearing officer's report of the video

2

evidence review states:

> On 7-25-16 at approx. 1232PM Officer Cowe is escorting an offender to his cell in IDU 507 West. He secures the offender, stops briefly at 506 West and as he is walking off of the range offender Hawthorne in D 506 throws a hard food tray at him which the contents hit the officer in the lower portion of his body and all over the range.

ECF 7-4 at 1. Based on the conduct report and video evidence, the hearing officer decided that Mr. Hawthorne was guilty. This wasn't an unreasonable or arbitrary determination, and was supported by sufficient evidence. While a conduct report alone can provide sufficient evidence, the hearing officer also had the benefit of video footage that captured the event. In the video, the offender in cell 506 (identified by Officer Cowe as Mr. Hawthorne) speaks to Officer Cowe, and as Officer Cowe walks away, throws a meal tray in his direction. Based on the video, and Officer Cowe's statement that the items on the tray made contact with his person, the hearing officer had sufficient evidence to find Mr. Hawthorne guilty. Mr. Hawthorne isn't entitled to habeas corpus relief.

For the reasons set forth above, the court DENIES the petition (ECF 1). The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: June 21 , 2017.  　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court